Requestor: Honorable Barbara Patton Chairwoman Workers' Compensation Board 180 Livingston Street Brooklyn, N Y 11248
Written by: Robert Abrams, Attorney General
You have asked whether the American Red Cross is amenable to the Board's jurisdiction under the Disability Benefits Law and, if not, whether individual Red Cross chapters may voluntarily elect to be covered under the law. You note that the Attorney General has issued two opinions relating to this issue.
The first opinion concerned the applicability of Social Welfare Law Article 10-A to the American Red Cross. The statute required, among other things, that charitable organizations register and file financial statements with the Department of Social Welfare. We concluded that Article 10-A was not applicable to the Red Cross because the Red Cross is not a private voluntary organization but a quasi-official agency of the Federal government. We noted:
 "Chartered under an act of Congress approved January 5, 1905 (amended from time to time — see 36 U.S. Code, Chapter 1), its primary purpose is to furnish voluntary aid to the sick and wounded of the armed forces in time of war and to perform all the duties devolved upon a national society by each nation acceding to certain treaties of Geneva dealing with mitigating the evils inseparable from war and to which the United States has given adhesion (ibid. § 3). To be sure, one of its purposes is to `carry on a system of national and international relief in time of peace' in matters of pestilence, famine, fire, floods, etc. (ibid. § 3, paragraph Fifth), but I do not regard this offshoot of its principal functions as in any way affecting the character of the Red Cross as an agency under federal supervision and outside the reach of the statute under discussion.
 "Another compelling feature of the position of the Red Cross as an arm of the federal government is the fact that eight of the fifteen members constituting the Board of Governors are appointed by the President of the United States, that one of such eight is designated by the President of the United States to act as the principal officer of the corporation and that the remaining seven are required to be federal officials whose positions qualify them to promote Red Cross programs (ibid. § 5(a)). In addition, and of singular as well as cumulative significance, is the fact that the Red Cross is required to submit to the Secretary of Defense an annual report of its proceedings, including a `full, complete, and itemized report of receipts and expenditures of whatever kind,' to be audited by the Department of Defense which is required to transmit a copy of the report to Congress (ibid. § 6)."
1954 Op Atty Gen 201, 202.
In 1964, we concluded that the Red Cross, as a quasi-official Federal agency carrying out certain international treaty undertakings of the United States, is not subject to the New York Disability Benefits Law. 1964 Op Atty Gen 32. We relied on the analysis of the Red Cross's legal status contained in the earlier opinion and found that it is exempt from the provisions of the Disability Benefits Law because it is a quasi-official agency of the Federal government. See, Department ofEmployment v United States, 385 U.S. 355, 358-60 (1966). We are not aware of any change in circumstances or in the governing law that would warrant a different conclusion now.
Workers' Compensation Law § 212(1) provides that:
 "Any employer not required by this article to provide for the payment of disability benefits to his employees, or to any class or classes thereof, may become a covered employer or bring within the provisions of this article such employees or class or classes thereof by voluntarily electing to provide for payment of such benefits. . . ."
An "employer" is defined as
 "a person, partnership, association, corporation, legal representative of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation, who has persons in employment as defined in subdivision six of this section, but does not include the state, a municipal corporation, local governmental agency, other political subdivisions or public authority".
§ 201(4). The Office of General Counsel of the American Red Cross has expressed its view that local chapters may take advantage of the provisions of section 212. We believe that the local branches of the Red Cross may elect voluntary coverage under the provisions of section 212. Federal law defines the American Red Cross as a body corporate and politic and the local chapters are referred to as "local units of the corporation". 36 U.S.C. § 1, 4a. According to the Office of General Counsel, the local chapters are unincorporated associations, separate from the American Red Cross for purposes of staffing, employee relations, payroll and provision of benefits. Thus, local chapters fall within the definition of "employer" in section 212(1) of the Workers' Compensation Law and, therefore, may elect disability coverage. Such election would be subject to any review and approval process otherwise applicable to fiscal decisions made by local chapters.
We conclude that the American Red Cross is a quasi-official agency of the Federal government and, therefore, is not subject to the New York Disability Benefits Law. Local branches may voluntarily elect to come within the statute's provisions.